IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Jul 25, 2018

OFFICE OF THE CLERK

SARA STRIPLING                                                                                      PLAINTIFF

v.                                     Case No.: __18-5148 TLB__

UNIVERSITY OF ARKANSAS, and the
Board of Trustees of the University of Arkansas
as a Public Body Corporate; UNIVERSITY OF
ARKANSAS, a Political Subdivision of the State
of Arkansas; UNIVERSITY OF ARKANSAS
SYSTEM DIVISION OF AGRICULTURE;
UNIVERSITY OF ARKANSAS, Operating and
d/b/a DIVISION OF ARGICULTURE
RESEARCH AND EXTENSION                                                                DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Sara Stripling, by and through counsel, Hogue Law Firm PLLC, and for her Complaint states and alleges as follows:

PARTIES AND JURISDICTION

1.     Sara Stripling, is now and has been at all times relevant herein, a citizen and resident of Washington County, Arkansas. Beginning on or about July 9, 2015, and continuing until on or about November 11, 2016, Plaintiff was employed by Defendants as a Project / Program Specialist stationed at the University of Arkansas Division of Agriculture offices located in Fayetteville, Arkansas, Washington County.

2.     The University of Arkansas Division of Agriculture an agency and arm of the University of Arkansas.  The Defendants are doing business in this judicial district in Fayetteville, Arkansas where Plaintiff was stationed. All the actions and omissions giving rise to this Complaint occurred at the Fayetteville location, on the University of Arkansas campus or

1

during and in the course of the employment at the University of Arkansas. Plaintiff is a covered employee and Defendants are employers under the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq ("ADA") and the Family and Medical Leave Act ("FMLA"). Defendant, University of Arkansas, is an Arkansas public university that is a political subdivision of the State of Arkansas, and has its principle place of business and office in Fayetteville, Washington County, Arkansas.

3. This Court has personal and subject matter jurisdiction over Plaintiff's federal statutory claims under 28 U.S.C. §§ 1331 and 1346. This court has jurisdiction over plaintiff's pendent state law claims under 28 U.S.C. § 1391(b).

4. The claims in this action arose within this judicial district. Venue is therefore proper in this judicial district pursuant to 28 U.S.C. § 1391 (b).

## FACTUAL SUMMARY

5. Plaintiff began her employment with Defendant on or about July 9, 2015 as a Project/Program Specialist.

6. Plaintiff suffers from a "disability" as that term is defined in the ADA. Plaintiff has been diagnosed with post-traumatic stress disorder, severe depression, and anxiety.

7. Plaintiff suffered from episodic flare-ups, which were triggered by stressful environments and other outside stimuli.

8. Because of these disabilities, Plaintiff's treating physicians instructed Plaintiff to avoid stressful work environments, as such environments trigger and/or exacerbate Plaintiff's conditions.

9. Plaintiff's physician instructed Plaintiff to avoid stressful situations. The physician also advised that Plaintiff needed a flexible work arrangement. Her physician

recommended that Plaintiff should work from home permanently, or at least during her episodes, and the physician recommended flexible start and end times, a compresses work schedule, and overall flexibility in her work schedule to accommodate Plaintiff's disability.

10. Moreover, Plaintiff's physician mandated that Plaintiff attend therapy sessions two times per week, lasting up to two hours for each appointment.

11. Plaintiff was able to perform the essential functions of her position from home.

12. Plaintiff was able to perform the essential functions of her position within the parameters of the flexible work schedule recommended by her physician.

13. Plaintiff's immediate supervisor created a hostile work environment, and his conduct and personal interactions with Plaintiff aggravate Plaintiff's conditions and caused Plaintiff to suffer from the aforementioned episodes.

14. Plaintiff was hospitalized throughout 2016 due to her disability and the stressors of her work environment. Plaintiff received inpatient and outpatient treatment throughout 2016.

15. Plaintiff went on protected leave under the FMLA on or about September 13, 2016.

16. Around that same time, in September of 2016, Plaintiff contacted the University's Office of Equal Opportunity and Compliance and requested workplace accommodations due to her disability and treatment plan.

17. Plaintiff attempted to commence a dialogue with the University to discuss accommodations, but the University summarily refused to offer any accommodation.

18. Plaintiff submitted a written request for accommodations to the University on or about October 8, 2016.

19. Plaintiff requested to work from home with full remote access to her work computer.

20. The University immediately denied the request. Moreover, the University failed to offer any alternative accommodations or any other proposal to accommodate Plaintiff's disabilities. The University utterly failed to engage in any dialogue with Plaintiff with respect to her accommodation.

21. Plaintiff made several attempts to engage in such a dialogue, but the University rebuffed Plaintiff again and again.

22. Plaintiff requested temporary leave under the ADA. Plaintiff requested that the University offer an alternative proposal. Plaintiff, in good faith, tried everything, but the University refused to dialogue with Plaintiff.

23. Plaintiff was on FMLA leave during this time. The University told Plaintiff that her FMLA leave would expire on November 09, 2016, and the University ordered Plaintiff to return to work on November 10, 2016 and to work in the University office exclusively.

24. This was against the direct orders of Plaintiff's physician. Her doctors strongly advised Plaintiff not to return to work without the accommodations of flex time and the ability to work from home for some periods of the week. Plaintiff relayed those recommendations to the University, to no avail.

25. Plaintiff did not return to work on November 10, 2016, based on the advice of her doctors.

26. The University terminated Plaintiff's employment on November 11, 2016.

## Count I

### DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

27. Plaintiff restates and incorporates by reference the foregoing allegations as if set forth word for word herein.

28. Defendants terminated Plaintiff's employment due to her physical disabilities, and/or Defendant's perception that Plaintiff was disabled, and/or Plaintiff's record of disability.

29. Plaintiff was qualified to do her essential job functions with or without reasonable accommodation.

30. Plaintiff was able to perform the essential functions of her position with the accommodations recommended by her physician.

31. Defendants refused to engage in the required interactive, meaningful dialogue with Plaintiff, which is required under the ADA.

32. Defendants refused to offer any alternatives or other accommodations to Plaintiff.

33. Plaintiff suffered adverse actions. Defendants terminated her employment, and caused significant monetary loss and emotional / mental harm.

## Count II

### RETALIATION IN VIOLATION OF THE ADA

34. Plaintiff restates and incorporates by reference the foregoing allegations as if set forth word for word herein.

35. Defendants took an adverse action(s) against Plaintiff, a covered individual, because Plaintiff engaged in a protected activity

36. Plaintiff is a covered individual who engaged in protected activity because she opposed unlawful employment practices in the form of disability discrimination. Plaintiff made

multiple requests for accommodation, and she complained repeatedly to the University about the failure to receive any form of accommodation.

37. Defendants took an adverse action(s) against Plaintiff in the form of discharge from her employment.

## Count III

## FMLA RETALIATION

38. Plaintiff restates and incorporates by reference the foregoing allegations as if set forth word for word herein.

39. Defendants terminated Plaintiff's employment because Plaintiff exercised her right to protected leave under the FMLA.

40. Defendants terminated Plaintiff's employment one day after the date on which Defendant's believed her FMLA leave to have expired.

## JURY TRIAL

41. The Plaintiff hereby requests a trial by jury on all claims and issues that may be determined by a jury.

## DAMAGES

42. Based on the foregoing, Plaintiff is entitled to the following relief and prays for judgment against Defendants for the following:

   a. Declaratory judgment that Defendants' employments policies, practices, and procedures are unlawful and in violation of the ADA and FMLA;

   b. An order of temporary and permanent injunctive relief against the Defendants and their partners, officers, trustees, owners, employees, agents, attorneys, successors, assigns, representatives, and any and all persons acting in concert with them from

engaging in any conduct violating the rights of Plaintiff, and those similarly situated as secured by 42 U.S.C. §§ 2000e et seq., and order such injunctive relief as will prevent Defendants from continuing their discriminatory practices and protect others similarly situated;

c. Orders of the Court that order Defendants to initiate and implement programs that will: (i) provide equal employment opportunities for disabled employees; (ii) remedy the effects of the Defendants' past and present unlawful employment policies, practices and/or procedures; and (iii) eliminate the continuing effects of the discriminatory and retaliatory practices described above;

d. back pay and front pay for lost wages and benefits;

e. compensatory damages in an amount sufficient to compensate her for her mental anguish, emotional distresses and other losses;

f. punitive damages in an amount sufficient to deter Defendants and their agents from similar misconduct;

g. reasonable attorney's fees in this cause;

h. pre-judgment and post-judgment interest; and

i. all other relief to which she may be entitled.

Respectfully Submitted,

HOGUE LAW FIRM, PLLC
P.O. Box 4220
206 N. College Ave
Fayetteville, Arkansas 72702
Phone: (479) 444-6311
Fax: (479) 444-6455
Email: josh@hoguelawfirm.com

By: _____
Joshua L. Bailey (2009184)

*Attorneys for Plaintiff*

8